FILED
VANESSA L. ARMSTRONG, CLERK

NOV 22 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                       PLAINTIFF

v.                       CRIMINAL ACTION NO. 3:19-CR-039-DJH

DOMINIQUE TRIBBLE                      DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Dominique Tribble, and his attorney, Brian Butler, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 922(g)(1). Defendant further acknowledges that the Indictment in this case seeks forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Taurus, Model Millenium PT 140 PRO, .40 caliber pistol, bearing serial number SDR43144, and a Ruger, Model GP100, .357 caliber revolver, bearing serial number 171-46901, and ammunition.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On August 28, 2018, in the Western District of Kentucky, the defendant exchanged gunfire with two victims following a verbal altercation. The defendant then fled the scene on foot. A .40 caliber Taurus pistol was found in the immediate vicinity of the defendant's footpath, and the firearm matched spent shell casings collected at the scene. A search of the defendant's vehicle revealed a second firearm, a Ruger .357 revolver.

At the time of the offense, the defendant knew he had previously been convicted of a felony crime.

An examination of these handguns was then performed by an ATF Special Agent who determined that they did meet the definition of a firearm under 18 U.S.C. § 921(a)(3) and also determined that they were not manufactured in the Commonwealth of Kentucky and, therefore, had moved in interstate commerce.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of ten years, a maximum fine of $ 250,000, and a three year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions,

which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be

able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $ 100 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the

reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Taurus, Model Millenium PT 140 PRO, .40 caliber pistol, bearing serial number SDR43144, and a Ruger, Model GP100, .357 caliber revolver, bearing serial number 171-46901, and ammunition.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| **Base Offense Level** | 2K2.1(a)(4) | 20 |
| **Specific Offense** | 2K2.1(b)(6)(B) | +4 |
| **Acceptance of Responsibility** | | -3 |
| | | 21 |

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

13. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item

subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

18. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

19. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          _Nov 22, 2019_____
Erin McKenzie                              Date
Assistant United States Attorney




I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____          _Nov 22, 2019_____
Dominique Tribble                          Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          _Nov 22, 2019_____
Brian Butler                               Date
Counsel for Defendant


RMC:egm

8

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number: _____

_____

Name of Person Completing Form:
_____

First _____ Middle _____ Last _____

My Signature: _____ Date: _____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. §§ 501-528A; 28 U.S.C. §§ 1651, 2001-2006; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.36(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 53347; Justice/USA-005 at pages 53404-53407; Justice/USA-007 at pages 53408-53410; Justice/CRM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:18-CR-00198-GNS

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | |
| STACEY D. DURHAM (1) | DEFENDANT |

### ACKNOWLEDGEMENT OF WAIVER OF APPEAL RIGHTS

I hereby acknowledge that as a part of my plea agreement with the United States, I waived the right to appeal the sentence I just received from the Court.

November 21, 2019
Date

_/s/ Stacey Durham_
Defendant's signature