UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                           CRIMINAL ACTION NO.  3:19-CR-39-DJH

DOMINIQUE TRIBBLE                                                 DEFENDANT

### DOMINQUE TRIBBLE'S THIRD SUPPLEMENTAL SENTENCING MEMORANDUM
*ELECTRONICALLY FILED*

Dominique Tribble, by counsel, Brian Butler, hereby submits the following third supplemental sentencing memorandum pursuant to the Court's Order dated June 23, 2020:

### FACTS SUPPORTING SELF DEFENSE

Mr. Tribble got into a heated argument with Fred Moore, Jr. over a temporary license plate for a vehicle he purchased.  Mr. Tribble advised police that Fred Moore, Jr., a convicted felon, brandished his gun inside the business.[1]  *August 28, 2018 recorded interview of Mr. Tribble by Shively Police at 19:36.*  Fred Moore, Jr. denied to police that he had a firearm on his person inside the business.  He told police that he "found a gun that was in the Lincoln."  *Shively Police Investigative Letter from Interview on August 28, 2018.*

---

[1] Frederick Moore, Jr. was previously convicted in United States District Court for the Western District of Kentucky pursuant to case number 3:04-CR-28 for conspiring to distribute marijuana, possession of a machine gun, felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking crime.

Undisputedly, Mr. Tribble left the business. Fred Moore, Sr. approached Mr. Tribble's car as Mr. Tribble was leaving the scene. Mr. Tribble was seated in his car. Moore, Jr. came out the side door of the business.

Mr. Tribble advised police that he had known Fred Moore, Sr. for many years and had no issues with him. *August 28, 2018 recorded interview of Mr. Tribble by Shively Police at 19:38.* He further advised that he had no reason to shoot him and did not shoot him. *August 28, 2018 recorded interview of Mr. Tribble by Shively Police at 19:38.* Fred Moore, Sr. told police that he did not see who shot him because he was walking away from Mr. Tribble's car but heard it was Mr. Tribble. Benny Richardson told police that Mr. Tribble shot Fred Moore, Sr. when Moore, Sr. got to the car door. This directly contradicts what Moore, Sr. told police.

Mr. Tribble advised police that Fred Moore, Jr. fired shots at Mr. Tribble prior to Mr. Tribble firing his weapon. Mr. Tribble claimed that he believed Fred Moore, Jr. shot Fred Moore, Sr. accidently while he was firing at Mr. Tribble. The police officer who interviewed Mr. Tribble advised he did not know whether Mr. Tribble shot Moore, Sr. or whether Moore, Jr. accidently shot him. *August 28, 2018 recorded interview of Mr. Tribble by Shively Police at 19:39.* Brittany Brown was likely struck when Mr. Tribble was returning Moore, Jr.'s fire.

It is undisputed that both Mr. Tribble and Moore, Jr. fired weapons. It is further undisputed that Mr. Tribble's car was riddled with bullets fired by Moore, Jr. It is also undisputed that Mr. Tribble ran away from his car as Moore, Jr. was firing at him. Mr. Tribble was firing back at him as he ran away.

ARGUMENT

A four level enhancement for using or possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B) applies if the government "establish[es], by a preponderance of evidence, a nexus between the firearm and an independent felony." *United States v. Adkins*, 729 F.3d 559, 564 (6th Cir. 2013) *citing United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007). In *Adkins*, the court evaluated the defendant's claim of self defense in connection with applicable state self defense law. *Id.* As such, the Court should apply Kentucky state law.

A. <u>Kentucky Self Defense Law Supports Mr. Tribble's claim of self defense.</u>

KRS 503.050 authorizes a defendant to use deadly physical force if the defendant believes that such force is necessary to protect himself against death or serious physical injury. Pursuant to Kentucky law if the defendant raises self defense, the Commonwealth is required to disprove that defense beyond a reasonable doubt, and its absence becomes an element of the offense. *See Gribbins v. Commonwealth*, Ky., 483 S.W.3d 370 (2016).

In this case, there is undisputedly an argument inside the business. Mr. Tribble told police that Moore, Jr. brandished a weapon inside the business. Mr. Tribble's statement that Moore, Jr. had a weapon on his person is certainly more plausible than Moore, Jr's claim that he "found" a gun inside a car in order to allegedly return fire from Mr. Tribble. Mr. Tribble undisputedly retreated despite Kentucky law giving him the right to stand his ground.

Undisputedly, Mr. Tribble was seated in his car. Mr. Tribble advised that Moore, Jr. came out of the side door and fired at him. Undisputedly, Mr. Tribble's car was struck multiple times. Mr. Tribble advised that he returned fire. Pursuant to Kentucky law, Mr. Tribble has the legal right

to use deadly physical force to protect himself against death or serious injury if he believes it is necessary.

Benny Richardson's statement that Mr. Tribble shot Moore, Sr. at the car door directly conflicts with Moore, Sr. statement that he did not see who fired at him and that he was shot while walking away. But, their conflicting statements are easily explained by Moore, Sr's desire to blame Mr. Tribble for his son accidently shooting him in the back.

Mr. Tribble fled on foot as Moore, Jr. was firing at him. Mr. Tribble was firing back. Again, Mr. Tribble undisputedly retreated despite Kentucky law giving him the right to stand his ground.

Under Kentucky law, the Government must prove beyond a reasonable doubt that Mr. Tribble did not fire in self defense. As the United States candidly admitted in our sentencing hearing, meeting this burden would be extremely difficult based upon the contradictory witness stories; personal connections between presumed Government witnesses; the lack of cooperation or contact with presumed Government witnesses per the statement of the Assistant United States Attorney at our past sentencing hearing; Moore, Jr.'s past criminal history; and the absence of any non-testimonial proof refuting Mr. Tribble's claim of self defense. More importantly, the United States acknowledged that it could not meet the preponderance of evidence standard required to disprove Mr. Tribble's claim of self defense. *See Commentary,* United States Sentencing Guideline Section 6A1.3.

   B. <u>Castle Doctrine also supports Mr. Tribble's claim of self defense.</u>

Kentucky Revised Statute ("KRS") 503.055(1) states, "A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another

if: (a) The person against whom the defensive force was used was in the process of unlawfully and forcibly entering ... a ... occupied vehicle [emphasis added], or if that person ... was attempting to remove another against that person's will from the ... occupied vehicle [emphasis added]; and (b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred." Moreover, "a person who unlawfully and by force ... attempts to enter a person's ... occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or violence." [2]

Mr. Tribble observed Moore, Jr. brandish a firearm inside the business. Mr. Tribble retreated although he was not required to do so pursuant to KRS 503.050(4). Moore, Sr. approached his vehicle after his son threatened Mr. Tribble inside the business by brandishing his weapon. As such, Mr. Tribble could also raise a Castle Doctrine claim that he was authorized to use deadly physical force to protect himself inside his car and it would be the Government's burden to refute the Castle Doctrine.

C. Conclusion

Kentucky law clearly and firmly places the burden on the Government to refute a defendant's claim of self defense beyond a reasonable doubt. Federal law requires the Government to proof any sentencing enhancement by a preponderance of the evidence. The evidence that Mr. Tribble fired first refuting a claim of self defense is unreliable and contradictory. The Government candidly advised that they cannot meet their burden of proof to refute Mr. Tribble's self defense claim.

---

[2] KRS 503.085 immunizes a defendant from criminal prosecution if he uses force as permitted by KRS 503.050 and KRS 503.055.

Wherefore, Mr. Tribble's total offense level should be 15 with a criminal history category of IV corresponding to a guideline range of 30 months to 37 months.

Respectfully submitted,

/S/ Brian Butler

Brian Butler
Dathorne & Butler, LLC
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 594-1802

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing sentencing memorandum was emailed on the 9th day of July 2020, with service to the Honorable Erin McKenzie, Assistant United States Attorney, 717 West Broadway, Louisville, Kentucky 40202.

/S/ Brian Butler

Brian Butler
Attorney at Law